UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PETITION FOR LEAVE TO FILE BY ENJOINED LITIGANT  OAK-HEE KIM | ) ) ) ) ) | M.B.D. No. 22-mc-91287-AK |

**MEMORANDUM AND ORDER**

**A. KELLEY, D.J.**

For the reasons set forth below, the Court **GRANTS** the motion for leave to proceed *in forma pauperis*, **DENIES** the motion for appointment of counsel, and **DENIES** the motion for leave to file complaint.

**I.     Background**

Petitioner Oak-Hee Kim ("Kim"), also known as Oak-Hee Ruesch, is a frequent *pro se* filer who has been enjoined from filing new actions in the United States District Court for the District of Massachusetts without obtaining leave of court.  See Kim v. Mass. Comm'n Against Discrimination, et al., C.A. No. 15-12309-WGY (Dec. 5, 2017, ECF No. 10); Ruesch v. Goodhue, et al., C.A. No. 04-12390-NG (Nov. 17, 2004, ECF No. 7).

On June 14, 2022, Kim filed a petition seeking leave to file a complaint accompanied by motions to appoint counsel and for leave to proceed *in forma pauperis*.  [See Dkts. 1-3].  In her petition, Kim states that there is a good-faith basis for the proposed filing and that she seeks "Judicial Review, regarding Fair Housing Law and ADA/504 Rehability (sic) Act for the handicapped's (sic) public housing accessibility by removal of readily achievable barrier."  [Dkt. 1 at 1].  Kim also seeks to have the court "vacate the December 5, 2017 Enjoinment Order."  [Id.].

Kim's proposed complaint consists primarily of a recounting of events arising during her tenancy with the Newton Housing Authority ("NHA") and the subsequent housing discrimination complaint Kim filed in 2013 with the U.S. Department of Housing and Urban Development, which was referred to the Massachusetts Commission Against Discrimination ("MCAD") for investigation.  [See Dkt. 1-1].  Named as defendants are the Massachusetts Commission Against Discrimination and five MCAD employees.  [Id. at ¶¶ 2-7].  Kim "demands judgment against each defendants (sic) for damages."  [Id. at ¶ 43].

The Court's records indicate that Kim has previously filed several other actions in this Court stemming from the events alleged in the proposed complaint.  See Kim v. Newton Hous. Auth., et al., C.A. No. 15-11487-GAO; Kim v. Newton Hous. Auth., et al., C.A. No. 15-11817-GAO; Kim v. Mass. Comm'n Against Discrimination, et al., C.A. No. 15-12309-WGY.

## II.     Discussion

Upon review of the proposed complaint, the Court cannot find that the proposed complaint states a legal claim upon which relief may be granted.  Kim seeks monetary damages from the Massachusetts Commission against Discrimination ("MCAD"), which is a state agency.  However, neither a state agency nor a state official acting in his or her official capacity may be sued for damages under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Johnson v. Rodriguez, 943 F.2d 104, 108–09 (1st Cir.1991).  Given its status as an arm of the Commonwealth, the MCAD is immune from the monetary damages sought in Kim's proposed complaint.  See Quern v. Jordan, 440 U.S. 332, 341 (1979) (state administrative agency is immune from § 1983 action).  Consequently, the suit against the state defendants is insupportable as a matter of law, except, perhaps, as against the individual defendants in their

individual capacities.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (distinguishing between a state official's individual and representative capacities).

Regardless, the proposed complaint is barred by the doctrine of claim preclusion, which prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Claim preclusion requires proof "that (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."  Metzier Asset Mgmt. GmbH v. Kingsley, 928 F.3d 151, 156 (1st Cir. 2019) (internal quotation marks omitted).  Additionally, "[t]he principle of collateral estoppel, or issue preclusion ... bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim."  Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 51, (1st Cir. 1997).

Here, Kim again seeks to bring suit concerning events that took place from 2002 - 2017. The fact that her prior cases were dismissed has not deterred Kim from continuing to seek relief from this federal court.  Kim's proposed complaint is barred by the doctrines of claim and/or issue preclusion.

**III.    Order**

For the foregoing reasons, it is hereby ordered:

1. The motion for leave to proceed *in forma pauperis* [Dkt. 2] is **GRANTED**.
2. The motion for appointment of counsel [Dkt. 3] is **DENIED**.
3. The petition for leave to file [Dkt. 1] is **DENIED** and the Clerk shall terminate

this matter on the Court's docket.

**SO ORDERED.**

Dated: September19, 2022                                       /s/ Angel Kelley
                                                               Hon. Angel Kelley
                                                               United States District Judge